**FILED**

2014 Jun-17  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| LATOYA COATS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| | ) | CV-14- |
| | ) | JURY DEMAND |
| | ) | |
| DOLGENCORP, LLC, a wholly | ) | CV-14-HS-1151-M |
| owned subsidiary of DOLLAR | ) | |
| GENERAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

## I.   JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331,

1343(4), 2201 and 2202 and  the Act of Congress known as the Civil Rights Act of

1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*, and 42

U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of and

redress deprivation of rights secured by 42 §2000e *et seq.* and 42 U.S.C. §1981

providing for injunctive and other relief against race discrimination and retaliation

in employment.

2.     The plaintiff filed her race discrimination and retaliation suit within 180

days of the discriminatory treatment and ninety (90) days from the receipt of her right-to-sue letter from the EEOC.

## II.  PARTIES

3.    Plaintiff, Latoya Coats, is a female African-American citizen of the United States and a resident of the State of Alabama.  The plaintiff was employed by the defendant at locations in Trafford and Gadsden, Alabama.

4.    Defendant, Dolgencorp, LLC, a wholly-owned subsidiary of Dollar General ("Dollar General" or "Defendant"), is a Tennessee Corporation, doing business in Alabama, and is an entity subject to suit under 42 U.S.C. §2000e *et seq* and 42 U.S.C. §1981.  The defendant employs at least fifteen (15) persons.

5.    Dollar General is a retailer of consumable goods, including home cleaning supplies and chemicals, health and beauty aids, foods/snacks, pet food/supplies, housewares, gardening tools and products, toys and basic apparel.

## III.  CAUSES OF ACTION

6.    The plaintiff re-alleges and incorporates by reference paragraphs 1-5 with the same force and effect as if fully set out in specific detail hereinbelow.

7.    The plaintiff has been discriminated against because of her race in promotion, work/job assignments, pay, discipline, FMLA, benefits, termination and other adverse terms and conditions of employment.  The plaintiff was also terminated

2

in retaliation for her engagement in protected activity.

8.      The plaintiff worked for the defendant two different times. The first time she was hired on June 11, 2007 as a Lead Sales Associate at Store #4927 in Gadsden, Alabama. Plaintiff resigned her position on or about November 1, 2007.

9.      On July 3, 2009, the plaintiff was rehired by the defendant as a Lead Sales Associate at Store #4927 in Gadsden, Alabama. Plaintiff remained in that position until August 13, 2011, when she was promoted to Assistant Store Manager. On December 17, 2011, the plaintiff was promoted to Store Manager at Store #11610 in Trafford, Alabama. Plaintiff held this position until she was terminated on June 4, 2013.

10.     During the time that the plaintiff held the position of Store Manager, she was the only African-American Manager in the District. Plaintiff's District Manager, Donna Corbin, white female, did not assist the plaintiff and did not provide any response to the plaintiff's request for additional help at the store.

11.     On April 24, 2013, the plaintiff passed out at work and transported by ambulance for medical care. The plaintiff was hospitalized for four days and was diagnosed with a seizure disorder.

12.     Because of the plaintiff's condition and inability to work, she applied for FMLA for the period of April 24, 2013 until May 19, 2013 so that she could be

3

treated by her physician.  Plaintiff also applied for short-term disability, both were denied by the defendant.

13.    Plaintiff's medical insurance was cancelled by the defendant on May 23, 2013 due to "[you] not actively at work . . ."  However, the plaintiff was still an employee on May 23, 2013.  The plaintiff was being seen by her physician at that time and was on medical leave.  Because her insurance was cancelled, the plaintiff was unable to obtain the medical care she needed for her medical condition.

14.    Plaintiff was informed that her leave had been denied because she failed to provide the proper paperwork to the defendant.  However, plaintiff informed the defendant that her physician would not let her return to work.  The defendant told the plaintiff that it could not get in touch with her physician; however, plaintiff's physician never received phone call(s) from the defendant.

15.    On May 23, 2013, plaintiff was informed by the defendant that she had ten (10) days to provide her physician's paperwork.  On May 31, 2013, the plaintiff faxed the required paperwork to the defendant.  The paperwork included plaintiff's physician's name, address and telephone number (page 2), plaintiff's medical facts (page 3), and the physician's signature (page 5).   Specifically, the plaintiff's physician stated that the plaintiff's condition was "ongoing for now" and that the plaintiff was unable to perform "all" of her job functions "for the present time."

4

16.     On the date that the plaintiff was terminated by the defendant, the defendant requested the plaintiff's medical records from her physician.     The defendant enclosed a Medical Records Release Authorization signed by the plaintiff on May 22, 2013.

17.     Plaintiff did not resign her position.

18.     The defendant's proffered reasons for the discriminatory actions toward the plaintiff were pretext for race and retaliatory discrimination.

19.     The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is her only means of securing adequate relief.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV.     **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

2.     Grant plaintiff a permanent injunction enjoining the defendant, its

agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

3.     Enter an order requiring the defendant to make the plaintiff whole by awarding her the position she would have had occupied in the absence of race discrimination and retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4.     The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Gregory O. Wiggins
Kevin W. Jent
Counsel for the Plaintiff


OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

6

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

*Wiggins*

Gregory O. Wiggins
Kevin W. Jent

DEFENDANT'S ADDRESS:

Dolgencorp, LLC, a wholly-owned
subsidiary of Dollar General Corporation
100 Mission Ridge
Goodlettsville, TN 37072